LAWRENCE B. BAILEY, Appellant, v. THE LIVERPOOL LONDON & GLOBE INSURANCE COMPANY, Respondent.

*Kansas City Court of Appeals, October 7, 1912.*

FIRE INSURANCE: Concealment of Facts: Question of Jury. Plaintiff sued on a policy of fire insurance issued by defendant to cover a dwelling, but the building was used as a candy factory. The defendant's agent inspected the building before the policy was issued. The plaintiff, a non-resident of the state, was unaware that it was used for a candy factory. Defendant did not insure buildings used for factory purposes and charged plaintiff with deceitful concealment of fact to obtain the policy. *Held*, that under the evidence the issue of fraudulent concealment was one for the jury to solve.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED AND REMANDED.

*Albert I. Beach* and *H. H. McCluer* for appellant.

(1) . The court erred in giving instruction in the nature of a demurrer to the evidence at the close of all of the evidence, peremptorily requiring the jury to find in favor of the defendant. Boggs & Leathe v. American Ins. Co., 30 Mo. 63; Ormsby v. Ins. Co., 105 Mo. App. 143; Williams v. Ins. Co., 73 Mo. App. 607;

Thomas v. Hartford Fire Ins. Co., 20 Mo. App. 150; Dowling v. Ins. Co., 168 Pa. 234; Busnell v. Ins. Co., 110 Mo. App. 223; Shotliff v. Ins. Co., 100 Mo. App. 138; Rosencram v. Ins. Co., 66 Mo. App. 352; Niagara Fire Ins. Co. v. Johnson, 4 Kan. App. 16.

*Boyle & Howell* and *J. S. Brooks* for respondent.

(1) A statement on the face of the policy as to the character of the building or the use and occupancy thereof is a warranty, and if not true it will avoid the policy, whether material to the risk or not. Kenefick-Hammond Co. v. Ins. Co., 119 Mo. App. 312; Baker v. German Fire Ins. Co., 124 Ind. 490; Fame Ins. Co. v. Thomas, 10 Ill. App. 545; Stout v. Ins. Co., 12 Iowa, 371; Aiple v. Ins. Co., 100 N. W. 8; Dewees v. Ins. Co., 35 N. J. L. 366; Boyd v. Ins. Co., 90 Tenn. 212; Lochner v. Home Ins. Co., 17 Mo. 247. (2) The use of the building here was such as to make the risk more hazardous. By the failure to disclose it, the insurer was induced to issue the policy when if it had known the risk it would have declined it. Kenefick-Hammond Co. v. Ins. Co., 119 Mo. App. 312; Goddard v. Ins. Co., 108 Mass. 56; Kenefick-Hammond Co. v. Ins. Co., 205 Mo. 294; Cooley's Briefs on Insurance, p. 1290 (Vol. II); Lochner v. Ins. Co., 17 Mo. 247; Franklin Fire Ins. Co. v. Martin, 40 N. J. L. 568; Ins. Co. v. Barnett, 73 Mo. 364.

BROADDUS, P. J.—This is a suit on a policy of insurance against fire. The defendant issued a policy insuring plaintiff against loss by fire for a period of five years, from the 9th day of March, 1901, to the amount of $300, on his house, described as a "one story frame shingle roof dwelling house, etc., situated in rear of No. 1012 Locust street, Kansas City, Missouri." The house was totally destroyed by fire; proof of loss was duly made, and payment of the

amount of insurance demanded and refused by defendant.

The defense to the action is, that the house was insured as a dwelling, whereas, it was used as a place for the manufacture of candy; and that defendant did not insure buildings used for factory purposes.

Defendant alleges in its answer that, had it known or believed that said building was not a dwelling house, or that it was used as a candy factory, the application for insurance would have been rejected, and, if such knowledge had come to defendant at any time before the destruction of the building, the policy would have been cancelled. It is further set up as a defense that plaintiff well knew, at the time application for insurance was made, that the building was used as a candy factory; and that he deceitfully concealed said fact from defendant for the purpose of obtaining the policy and inducing the defendant unwittingly to assume a risk of greater hazard than it would have assumed at any price.

The facts are, that the plaintiff was the owner in fee of the lot on which the house was situated, and that Don T. Edwards was the owner of a lease from him of the lot for ninety-nine years. The contract for the lease provided that Edwards should insure the house for plaintiff's benefit. Edwards and J. G. Brownson, defendant's agent, were friends. Edwards informed Brownson, who was soliciting business for defendant, that he wanted the property insured, and the latter, at the request of the former, went to see the house, but did not enter it and judged from its appearance that it was a dwelling house and issued the policy in controversy. It was also shown that Edwards himself did not know that the house was occupied as a candy factory. He owned other property in the city. He lived in Kansas, over two hundred miles distant, and leased his property through an

agent, and did not know of the use to which the house was put.

After the close of all the testimony, the court, at the instance of defendant, instructed the jury to find for defendant, whereupon plaintiff took a nonsuit with leave to move to set it aside. Plaintiff filed his motion to set aside the nonsuit in due time, which the court overruled and rendered judgment accordingly. Plaintiff appealed.

There is no question of false representations in issue, but the sole question is, did the plaintiff obtain the insurance by knowingly and falsely concealing the fact that the building was not a dwelling house, but a factory building? This was a question of fact, but it seems to have been treated as a question of law by the trial court.

The burden was upon the defendant to prove that the plaintiff or Edwards, who obtained the policy, knew at the time that the same was issued that the house was used as a candy factory. If defendant introduced any such evidence, it was at the most merely inferential. On the other hand, plaintiff's evidence was positive that Edwards did not know that the house was used for a candy factory, and that Brownson, defendant's agent, had the opportunity of informing himself as to that when he went to inspect it. The evidence thus shows, instead of fraudulent concealment upon the part of Edwards as to the character of the house, gross negligence upon the part of defendant's agent, who was deceived as to the truth of the matter by assuming, from appearance, that the house was in fact a dwelling. All the evidence of any probative force goes to show that the plaintiff did not fraudulently conceal the fact that the house was used as a factory, but that the fault as to that matter lays with Brownson, defendant's agent.

The plaintiff was entitled, at least, to have the issue submitted to the jury, as the evidence was over-

whelmingly in his favor. This was the only issue in the case. The plaintiff asks this court to enter up a judgment in his favor, but, in view of the facts and circumstances in evidence, the credibility of plaintiff's witnesses may be a question for the jury. Reversed and remanded. All concur.